Inez G. LEWIS, Next Friend of Patricia Anne LEWIS, A Minor et al., Appellants,

v.

Speros P. MARTEL et al., Appellees.

No. 3772.

Court of Civil Appeals of Texas.

Waco.

Nov. 3, 1960.

Rehearing Denied Nov. 23, 1960.

Robert A. Greenwell, Philip M. Shafer, Buck C. Miller, Freeman & Goldfaden, Houston, for appellants.

Lockett, Lockett & Brady, Frank L. Heard, Jr., Blades, Crain, Slator & Winters, Houston, for appellees.

WILSON, Justice.

This action is to construe the will of Henry S. Fox, deceased, and to determine ownership of property belonging to his estate.

The will made specific bequests to testator's son, and vested in his wife and two daughters each a life estate in one-third of the residue. As to the wife's share, the remainder was devised to testator's three children "and to their descendants, or to the survivor or survivors of them, share and share alike." As to the life estate of the two daughters, the will devised the remainder in each "to the heirs of the body" of such daughter; provided that if such daughter "die without leaving children, or their descendants her surviving, then this third interest shall revert" to testator's other two children for life, "with remainder in fee simple to their children." There was no general residuary clause.

After the death of testator, his wife died testate; and thereafter each of his three children died intestate, leaving neither children nor descendants surviving. No child was ever born to testator's children.

Appellants, claiming as descendants of a brother and the sisters of testator—and conceding the will made no "disposition of his residuary estate in the event there was never any child or children born to, or surviving" testator's three children— prayed for judgment declaring that the fee simple title to all property of testator's estate is now vested in his collateral heirs. The trial court rendered summary judgment that they take nothing. The parties agree upon the facts stated.

The remainder over, after the termination of the life estate of the last survivor of testator's three children, was a contingent remainder, Caples v. Ward, 107 Tex. 341, 179 S.W. 856, 859; Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 582, 57 A.L.R.2d 97; 36 Tex.Jur., Sec. 7, p. 877; Simes and Smith, Future Interests

**926**

(2d Ed. 1956), Sec. 139, p. 122, Sec. 152, p. 170; and as such, constituted a reversion vesting by operation of law in the testator's heirs. 36 Tex.Jur., Sec. 4, p. 875; Simes, Future Interests (1936) Secs. 46, 774.

At the termination of the intermediate life estate upon the death of the last survivor of testator's children, there was no person of a class named in the will capable of taking, and the testator died intestate as to this reversion. Appellants contend the title descended, under Sec. 38(a), par. 2, Texas Probate Code, Vernon's Ann.Civ. Stats., to the brother and sisters of deceased, and to their descendants.

The critical question in this case is whether the heirs are to be detemined as of date of distribution, when the limitation failed; or as of the time of the testator's death.

■ In 132 A.L.R., 1069, 1071, the most thorough and exhaustive treatment of the subject, the uniform holding on this question is summarized: "it has been held, with rare exception, that the heirs or next of kin who take upon intestacy resulting from the failure of a contingent remainder after a life estate, are to be ascertained as of the date of the testator's death * * * The few cases which intimate that the heirs or next of kin * * * are to be ascertained as of the life tenant's death have for the most part been explained on their peculiar facts or repudiated."

■ Sec. 37, Texas Probate Code, Vernon's Ann.Civ.Stats. (and its predecessor statutes) provides that when a person dies intestate, all of his estate "shall vest *immediately* in his heirs at law." The reversion exists and vests by operation of law and its existence does not depend on the testator's intent. The reversion vested immediately at testator's death in his heirs at law as of the time of his death. Casey v. Kelley, Tex.Civ.App., 185 S.W.2d 492, writ refused. The judgment is affirmed.