Johnny Ray SELLERS, Appellant,

v.

Edna Ray POWERS et al., Appellees.

No. 16786.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 30, 1966.

Rehearing Denied Jan. 27, 1967.

Elton M. Hyder, Fort Worth, for appellant.

Sam Denny, Fort Worth, for appellees.

OPINION

RENFRO, Justice.

This is a will construction case. It was agreed that the will of Maedel Sellers, deceased, violated the rule against perpetuities and the only question before the trial court was how should that portion of the estate of the testatrix devised by the sections of her will which would violate the rule against perpetuities pass.

Paragraph three of the will read: "I give, devise and bequeath all the rest and residue of my said property and estate, real, personal or mixed, community or separate, wherever situated, of which I may die seized and possessed, to my daughter Edna Ray Sellers Walker, and my son Johnny Ray Sellers for life, if they both survive me, to have and to hold said residue of my estate as joint tenants during their joint lives; provided, however, if only one of my said children survive me, or if both survive me but one later dies then I give and devise to my surviving child an estate for life

in one-half of said residue and to the living issue of my deceased child an estate for life in the other one-half of said residue. Upon the death of the last survivor of my son and daughter, or upon my death if neither my son nor my daughter survive me, I give, devise and bequeath all the rest and residue of my estate to the issue of my daughter Edna Ray Sellers Walker, and my son Johnny Ray Sellers, as joint tenants during the respective lives of such issue and the life of the survivor, or, if only one of such issue survives me, then I give and devise such property and estate to such survivor for life."

Paragraph four provided: "Upon the death of the last surviving life tenant heretofore provided for in paragraph Third of this will, I give, devise and bequeath the remainder of my said property and estate in fee simple title to the person who would be entitled to inherit said property in accordance with the laws of descent and distribution of the State of Texas, if I had died intestate immediately after the death of the last surviving life tenant heretofore provided for in paragraph Third of this will."

At Mrs. Sellers' death she left surviving her a daughter, Edna Sellers Powers, mother of Toby Walker, Eddie Ray Walker, Bobbie Ray Walker; and a son, Johnny Ray Sellers, to whom was born, after the death of Maedel Sellers, a son, Chad Curtis Sellers.

It was the contention of the guardian ad litem that the court should uphold as much of the will of the testatrix as it could in accordance with the intent of the testatrix evidenced by the four corners of her will and invalidate only as much of paragraphs Third and Fourth of the will of the testatrix as was necessary to conform with the rule against perpetuities.

Plaintiff, Johnny Ray Sellers, contended that the entire paragraph Third was null and void, and the court should declare the property to be vested in testatrix' children,

Johnny Ray Sellers and Edna Ray Sellers Powers.

The court declared null and void the words *"Upon the death of the last survivors of my son and daughter, or * * *."* (Emphasis added.)

The court then construed the will as follows: that the two children of Maedel Sellers, Johnny Ray Sellers and Edna Ray Powers, take a life estate in their mother's property as joint tenants; upon the death of the first to die of Johnny Ray Sellers and Edna Ray Powers, the children of the first deceased take a life estate in their parents' one-half as joint tenants with the surviving child of the testatrix, and that upon the death of both children of Maedel Sellers her property vest in fee simple in her heirs at law as determined by paragraph Fourth of her will.

Plaintiff, Johnny Ray Sellers, appealed.

He contends the court erred in holding that the intention of testatrix could be carried out by granting to the grandchildren a fee simple estate where only a life estate was plainly intended; that the entire devise under the terms of the will must be abrogated and the property should descend according to the laws of descent and distribution.

The defendants contend the trial court correctly held that it should uphold the prior estates created by the will of the testatrix even though the remainder created by her will was void since the two estates were not inseparable and to uphold the prior life estates would not defeat the dominant purpose of the testatrix.

■ The law prefers to give to a construction of wills, one that will prevent partial intestacy. It will be presumed that a testator did not intend to die intestate as to any portion of his estate, and this presumption will prevail unless the contrary is clearly expressed or necessarily implied from the language. Boone v. Stone, 142 S.W.2d 936 (Tex.Civ.App., 1940); Bittner

v. Bittner, 45 S.W.2d 148 (Tex.Com.App., 1932).

 In Atkinson v. Kettler, Tex.Civ. App., 372 S.W.2d 704, affirmed 383 S.W.2d 557, the court held: "However, again reverting to the true intention of the testatrix, we believe that the validity of the life estate interests of the two daughters and their children may be sustained by the application of a well-established principle of law and construction. This rule is that a remainder which is void because in violation of the rule against perpetuities does not necessarily render invalid the prior estate, but that the latter will be sustained, notwithstanding the invalidity of the ulterior estate, when the two are not inseparable and dependent upon the general testamentary scheme, and to uphold the one without the other would not defeat the primary or dominant purpose of the testator. This rule has been applied almost universally. See cases in 28 A.L.R. 382, 75 A.L.R. 124 and 128 A.L.R. 323." See also Restatement of the Law, Property, § 402, and 168 A.L.R. 321.

We think that the will, when considered from its four corners, shows that testatrix' dominant intention or general scheme was to provide for a series of life estates.

It appears that her main concern was that her children and grandchildren be given the benefits of her estate.

Her children and grandchildren were natural objects of her bounty. Her evident intent to provide for them should not be denied because of an invalid, remote grant attempted by her.

 We agree with the argument of appellees that it would be more in accord with the intent of the testatrix as evidenced by the four corners of the will to uphold as much of the provisions of her will creating life estates as possible rather than to declare all of paragraph three invalid and thus have all the property pass to her children by intestacy.

Nowhere in the instrument does she indicate directly or by implication that she wanted the two children to take in fee.

In our opinion the trial court construed the will properly.

Affirmed.