Johnny Ray SELLERS, Petitioner,

v.

Edna Ray POWERS et al., Respondents.

No. B–127.

Supreme Court of Texas.

April 3, 1968.

Stone, Tilley, Parker, Snakard, Law & Brown, Sam Denny, Fort Worth, for respondents.

HAMILTON, Justice.

This is a suit to construe the will of Maedel Sellers, deceased. Testatrix was survived by two children, Johnny Ray Sellers and Edna Ray Powers. This suit was instituted by Johnny Ray Sellers against his sister, Edna Ray Powers and her children, Toby Walker, Eddie Ray Walker and Bobbie Ray Walker, who were all in being at the death of testatrix and against his son Chad Curtiss Sellers, who was born after her death. Three of the above named children are minors and were represented throughout the proceedings by a guardian ad litem.

It is alleged that portions of the third and fourth paragraphs of the will violate the rule against perpetuities, which "renders invalid any will which attempts to create any estate or future interest which by possibility may not become vested within a life or lives in being at the time of the testator's death and twenty-one years thereafter, and when necessary the period of gestation." Rekdahl v. Long, 417 S.W.2d 387, 391 (Tex.Sup.1967); Kettler v. Atkinson, 383 S.W.2d 557, 560 (Tex.Sup.1964). We quote the pertinent provisions of the will:

III. "I give, devise and bequeath all the rest and residue of my said property and estate, real, personal or mixed, community or separate, wherever situated, of which I may die seized and possessed, to my daughter, Edna Ray Sellers Walker, and my son, Johnny Ray Sellers for life, if they both survive me, to have and to hold said residue of my estate as joint tenants during their joint lives; provided, however, if only one of my said children survive me, or if both survive me but one later dies then I give and devise to my surviving child an estate for life in one-half of said residue and to the living issue of my deceased child an es-

Elton M. Hyder, Fort Worth, for petitioner.

ate for life in the other one-half of said residue. *Upon the death of the last survivor of my son and daughter or upon my death if neither my son nor my daughter survives me, I give, devise and bequeath all the rest and residue of my estate to the issue of my daughter, Edna Ray Sellers Walker, and my son, Johnny Ray Sellers, as joint tenants during the respective lives of said issue and the life of the survivor, or, if only one of such issue survives me, then I give and devise such property and estate to such survivor for life.*" (Emphasis added.)

IV. "Upon the death of the last surviving life tenant heretofore provided for in paragraph THIRD of this Will, I give, devise and bequeath the remainder of my said property and estate in fee simple title to the persons who would be entitled to inherit said property in accordance with the laws of descent and distribution of the State of Texas, if I had died intestate immediately after the death of the last surviving life tenant heretofore provided for in paragraph THIRD of this Will."

Plaintiff-petitioner particularly asserted that the emphasized language in paragraph three of the will violated the rule against perpetuities by attempting to devise a life estate to a person or persons not yet in being at the time of the death of the testatrix, and that paragraph four likewise violated the rule in that the vesting of the remainder was postponed until the termination of a life estate of a grandchild potentially not in being at the creation of the interest. Plaintiff then asked that paragraphs three and four be declared null and void and that the property therein bequeathed should vest in the heirs at law of the testatrix, to wit: Edna Ray Powers, and the plaintiff, Johnny Ray Sellers.

The defendants acquiesced in plaintiff's contention that the life estate in unborn grandchildren as a class violated the rule as did the remainder over after the last survivor of that class, but they contended

that to strike out all of paragraphs three and four would completely defeat her testamentary intent, which could be best and most nearly approximated by striking the emphasized portion of paragraph three. The result sought by the defendants then was that the children, Johnny Ray and Edna Ray Powers take life estates, that the children of the first to die take life estates pur autre vie, the measuring life being that of the survivor of Johnny Ray or Edna Ray, and on the death of the survivor of the two that the property of the testatrix vest in her heirs at law as determined by paragraph four of the will. The effect of this would be to give the grandchildren a vested remainder in fee simple.

The District Court and the Court of Civil Appeals sustained the contention of the defendant. 410 S.W.2d 497. We do not agree entirely with the contentions of either party nor with the construction imposed by the courts below.

■ In order to determine the proper construction of this will, we must examine that portion of the third and fourth paragraphs which are purportedly in violation of the rule. The remainders provided in paragraph four which could vest in testator's great grandchildren are invalid. At the death of the testatrix she had two living children who might, and in fact who did, have children, testatrix's grandchildren, born after the death of testatrix. The unborn grandchild might in turn have a child who would be a member of the class in paragraph four. Since it is also possible that the "unborn" grandchild might be the surviving grandchild and might outlive his joint tenants by more than twenty-one years, his child's interest as one of testatrix's heirs at law, would vest without the permissible period. Clarke v. Clarke, 121 Tex. 165, 46 S.W.2d 658, 661 (1932); Annot., 18 A.L.R.2d 671 (1951).

■ We construe the third paragraph of the will to attempt to create the following interests: Life estate in the whole in Johnny Ray and Edna Ray and upon the

demise of the first to die, his or her children[1] take a life estate in an undivided one-half of the property. On the death of the surviving parent, the children, testatrix's grandchildren, take joint life estates in the whole property. Paragraph four then purports to vest the remainder in the testatrix's heirs at law determined at the death of the last surviving grandchild. Contrary to the assumption of both parties and the Court of Civil Appeals, the joint life estate in the grandchildren does not violate the rule. The reason is stated in Gray, The Rule Against Perpetuities § 370, at 392 (4th ed. 1942).

> "A devise to the testator's grandchildren as a class is good if the vesting is not postponed to a time after they become of age, for they must all become of age within twenty-one years after the death of their parents (the testator's children), and the parents must all have been born (or begotten) in the testator's lifetime."

The measuring lives for determination of vesting of the life estate in the grandchildren are the lives of Johnny Ray and Edna Ray, since the testatrix's death determined the members of the class, her children. The members of the class, grandchildren, will necessarily be definitely ascertained at the time the preceding life estate terminates since they are the children of the life tenants. Hence, their interests must vest, if at all, upon the death of Johnny Ray or Edna Ray, lives in being when the interests were created i. e. at the death of the testatrix. Smith's Estate v. Commissioner of Internal Revenue, 140 F.2d 759 (3d Cir. 1944): See Gray, supra §§ 232, 232.1; 2 Simes, The Law of Future Interests § 530; 2 Tiffany, The Law of Real Property § 394 (3d Ed.)

■ It is fundamental that the primary concern of the court in will construction is the determination of the testator's intent and the effectuation of that intent as far as is legally possible. Philleo v. Holliday, 24 Tex. 38 (1859). Since the rule against perpetuities precludes the disposition of the remainder here, and since the testatrix did not anticipate this eventuality, the court must determine what the testatrix would have intended to do with the balance of the dispositive scheme had she known of the failure of the ultimate devise. As the parties acknowledge and as is manifest from the will, testatrix provided for a series of life estates; there is no indication that she intended either her children or her grandchildren to have the remainder in fee.

■ Thus, the Court is faced with two alternatives: first, to excise the void interest and permit the legal interests to take effect as though the invalid interest had never been created; or second, to strike out the whole disposition and the interests created thereby, which would cause the property to pass by intestacy. The first alternative is the general rule and is founded on the determination of what a testator would normally intend. Booth v. Wheat, 211 S.W.2d 577 (Tex.Civ.App.1948, writ ref'd); Gray, supra §§ 247, 248; W. B. Leach & O. Tudor, The Rule Against Perpetuities § 24.47 (1957); 4 Restatement of Property, § 402 (1944); 2 Tiffany, Real Property § 413 (3d ed. 1939). The second presents the principle of infectious invalidity or inseparability of the valid and invalid interests and the concomitant question "Is the invalid limitation so essential to the dispositive scheme of the testator * * * that it can be inferred that he would not wish the prior limitation to stand alone?" W. B. Leach & O. Tudor, supra § 24.48. The balance of the disposition is not stricken out merely because the limitation is invalid unless additional lan-

---

1. The will itself refers to the takers of the second life estate as the "living issue" and "issue" of Johnny Ray or Edna Ray. Since there is nothing on the face of the will to indicate that "issue" is limited to children, the descendents of those children who pedeceased Johnny Ray and Edna Ray would also be included as life tenants of the second life estate. Munger v. Munger, 298 S.W. 470, 475 (Tex.Civ. App.1927, writ ref'd).

guage or circumstances are present which require an affirmative finding of this intent. Restatement of property, § 402(c), at 2357. Such a manifestation of intent could be established by facts and circumstances showing that the creation of the intervening estates was merely to support the estate which followed them and was not to benefit the life tenants. See In re Feeney's Estate, 293 Pa. 273, 142 A. 284, 290 (1928); 5 Powell, Real Property § 789 at 681 (1962). The life estates in Johnny Ray and Edna Ray and their children, however, clearly perform a vital function, the maintenance of a lifetime income for them, the natural objects of Mrs. Seller's bounty. Here, also, there is nothing to indicate that testatrix had more regard for the unborn issue of her grandchildren than the life tenants, and infecting the series of life estates with an invalidity of the gift to the great grandchildren would produce a result which the testatrix never intended. In that instance the children, Johnny Ray and Edna Ray, would take the full fee simple as her heirs at law and preclude her grandchildren from any participation in her estate; both results are obviously contrary to her expressed intent. We hold, therefore, that the life estates created by paragraph three of the will of Maedel Sellers are valid, subsisting interests and that the Court of Civil Appeals erred in striking the life estate in the grandchildren from the will.

We now turn to the disposition of the remainder interest ineffectively bequeathed by paragraph four. How does such property pass, and when does the interest in it vest and determine? We first note that the failure occurs in the residuary clause and therefore the property passes by intestacy under the statute of descent and distribution to testatrix's heirs at law. Philleo v. Holliday, 24 Tex. 38 (1859); Heidenheimer v. Bauman, 84 Tex. 174, 19

S.W. 382 (1892). The reversion passed at the death of testatrix, and her heirs at law are determined as of that moment. Tex. Prob.Code Ann. § 37, V.A.T.S. (1956); Lewis v. Martel, 339 S.W.2d 924 (Tex.Civ. App.1960, writ ref'd n. r. e.); Annot., 132 A.L.R. 1069 (1941). The result which obtains was stated in Liggett v. Fidelity & Columbia Trust Co., 274 Ky. 387, 118 S.W. 2d 720, 723, 725 (1938). "[I]n him (the life tenant who was the heir at law) is vested the fee simple title in remainder to the corpus of this estate. Of course, he will never live to enjoy its possession, but the ownership of such corpus is vested in him absolutely, and he may sell it, devise it, or make such disposition of it, as he pleases, subject always of course, to the life estates of his children in the income therefrom, when * * * they become entitled to enjoy it." We hold, therefore, that Johnny Ray and Edna Ray as testatrix's heirs at law hold the reversion in fee simple ineffectively bequeathed by the will of Maedel Sellers, but that such reversion is subject to the life estates outstanding in themselves and jointly in their children.

The judgments of the Court of Civil Appeals and trial court are reversed. Judgment is here rendered that Johnny Ray Sellers and Edna Ray Powers take a life estate, and that said Johnny Ray and Edna Ray take the reversion created by the invalidity due to the application of the rule against perpetuities. This reversion is burdened, however, with life estates outstanding in those children of and hereafter born to Johnny Ray and Edna Ray. At the death of the first to die of Johnny Ray and Edna Ray, his/her surviving children take a life estate in an undivided one-half of the property; on the death of the survivor, all of the then surviving children participate as co-tenants for life in the whole.