ACCEPTED
04-13-00875-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/16/2015 1:17:57 PM
KEITH HOTTLE
CLERK

04-13-00518-CV

IN THE COURT OF APPEALS FOR
THE FOURTH DISTRICT OF TEXAS
SITTING AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/16/2015 1:17:57 PM
KEITH E. HOTTLE
Clerk

SANDRA GARZA DAVIS f/k/a SANDRA C. SAKS and LANDEN SAKS,

Appellants,

v.

LAUREN SAKS MERRIMAN and MARCUS P. ROGERS,
Interim Trustee,

Appellees.

04-13-00875-CV

SANDRA GARZA DAVIS f/k/a SANDRA C. SAKS, LEE NICK MCFADIN, III
and LANDEN SAKS,

Appellants,

v.

LAUREN SAKS MERRIMAN and MARCUS P. ROGERS,
Interim Trustee,

Appellees.

On appeal from Probate Court No. 1, Bexar County, Texas
Honorable Polly Jackson Spencer, presiding

APPELLANTS' MOTION FOR EN BANC RECONSIDERATION

1

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Now come, Sandra C. Saks ("Sandy"), Lee Nick McFadin, III ("McFadin") and Landen Saks ("Landen") and file this motion for en banc reconsideration, and they would show:

## BACKGROUND

On January 2, 1991, Sandy Saks ("Sandy") acting in her capacity as settlor created the Saks Children Family Trust a/k/a ATFL&L a/k/a A Trust for Lauren & Landen ("ATFL&L") and appointed her sister Diane Flores ("Diana") Trustee of the ATFL&L for the benefit of her children including daughters Gloria Lauren Nicole Saks ("Lauren"), Margaret Landen Corina Saks ("Landen"), and any other children later born to or legally adopted through court proceedings by Sandra Saks. (Appendix Tab 4)

Twenty years later, on August 17, 2011, Lauren sued Sandy and Diana in Cause No. 2011-PC-3466 alleging mismanagement of the Trust and other claims and seeking to remove Diana as Trustee. (CR pages 5-13) Landen and McFadin were not parties to Lauren's lawsuit. Although ATFL&L was an irrevocable trust, it provided for termination by the trustee. A true and correct copy of the Trust Agreement is contained in the Record. (CR pages 193-233) Four months later, ATFL&L was terminated according to its terms (CR page 216 ¶ 4.5), and title to

2

the property interests then-owned was transferred to the beneficiaries on December 21, 2011. A true and correct copy of the Notice of Termination is contained in the Record. (CR pages 198-199) These conveyances including recorded deeds and assignments were not set aside or voided.

In construing the provisions of a trust, the settlor's intent is to be ascertained by looking to the provisions of the instrument as a whole, as set forth within the four corners of the instrument. *Perfect Union Lodge No. 10 v. Interfirst Bank of San Antonio*, 748 S.W.2d 218, 220 (Tex. 1988) (citing Stewart v. Selder, 473 S.W.2d 3, 7 (Tex. 1971); *Sellers v. Powers*, 426 S.W.2d 533, 536 (Tex. 1968)). Courts interpret trust instruments the same way as wills, contracts, and other legal documents. Alpert v. Riley, 274 S.W.3d 277, 286 (Tex.App.-Houston [1 Dist.] 2008), citing *Lesikar v. Moon*, 237 S.W.3d 361, 366 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). The meaning of the trust instrument is a question of law when no ambiguity exists. Nowlin v. Frost Nat'l Bank, 908 S.W.2d 283, 286 (Tex.App.-Houston [1st Dist.] 1995, no writ). If the court can give a definite legal meaning or interpretation to an instrument's words, it is unambiguous, and the court may construe the instrument as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). If the language is uncertain or reasonably susceptible to more than one meaning, however, it is ambiguous, and its interpretation presents a

fact issue precluding summary judgment. *Id.* At 394.

Landen and Sandy submit that ATFL&L language was unambiguous. The ATFL&L authorized the Trustee to terminate ATFL&L if the Trustee in her sole discretion determined that continuation of ATFL&L was contrary to the best interests of the beneficiaries because the value of ATFL&L's assets were at such a level, in the judgment of the Trustee, to make continued administration financially burdensome and uneconomical. Upon such determination, ATFL&L authorized the Trustee to terminate ATFL&L pursuant to ¶ 4.5 of the trust agreement and mandated that the Trustee shall distribute ATFL&L assets to the income beneficiaries. Landen did not contest the termination of ATFL&L, and she agrees with the decision of the Trustee that it was in the best interests of the beneficiaries to terminate ATFL&L before it incurred any liability to pay hundreds of thousands of dollars of legal fees due to pending litigation.

A few months after ATFL&L was terminated, the lawsuit filed by Lauren was resolved by a mediated settlement agreement ("MSA") on April 2, 2012. (CR pages 16-20) The parties to the MSA were Lauren, Sandy and Diana. (CR page 16) Although Landen was not a party to the MSA, her approval was signed by Lauren's attorney A. Chris Heinrichs under apparent authority if a power of attorney, prepared by Heinrichs and executed by Landen. Landen disputed her

approval or agreement to the MSA, and revoked her agreement. (CR pages 23-29) Nevertheless, the MSA did not require Landen to convey any of her property that had been transferred to her, when ATFL&L was terminated.

MEDIATED SETTLEMENT AGREEMENT

The MSA was approved by an Order of the trial court signed on May 8, 2012. (CR pages 21-22) Landen and Sandy submit that the Order approving the MSA resolved all issues among the parties pursuant to the terms of the MSA because the MSA expressly provided that all future disputes among the parties would be submitted to arbitration pursuant the USA&M Rules of Arbitration. Therefore, Appellants submit that the final Order approving the MSA was a final appealable order in a probate case because it resolved all issues among the parties and referred future disputes, if any, arbitration pursuant to the jurisdiction of the USA&M. Distinguish *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001) ("We consider only cases in which one final and appealable judgment can be rendered and not cases, like some probate and receivership proceedings, in which multiple judgments final for purposes of appeal can be rendered on certain discrete issues.").

The final Order approving the MSA did not contain any finding that: (1) ATFL&L had not been properly terminated or that ATFL&L even existed at the

5

time the MSA was signed, (2) Landen had any obligation to convey her property pursuant to the MSA, or (3) that the probate court had any jurisdiction to resolve any dispute related to the MSA. Therefore, even if the MSA created an implied trust, Landen submits that she had no obligation to convey her property to any trust.

Where a settlement agreement indicates that an issue was not determined, the court's judgment based upon the settlement agreement cannot include an adjudication of that issue. *In re Kimberly Calderon*, 88 S.W.3d 395 (Tex.App. — Tyler 2002), citing *Avila v. St. Luke's Lutheran Hospital*, 948 S.W.2d 841, 847 (Tex.App.San Antonio 1997, writ denied).

Because the trial court case was settled, the court lacked subject matter jurisdiction as to ancillary claims related to Landen's property including the Order on September 5, 2012 compelling attendance at mediation and arbitration. *Jacquelyn Goodman, et al., v. the Summit at West Rim, Ltd.*, et al., 952 S.W.2d 930 (Tex. App. 1997). In this case, enforcement of the MSA in the district courts (or the probate court) was precluded by agreement of the parties that enforcement would be by arbitration pursuant to the USA&M Rules of Arbitration.

## PANEL OPINION

However, the panel opinion stated at page 6 of the Memorandum Opinion

that the MSA and arbitration award were premised on the notion that ATFL&L was not terminated, and even if ATFL&L was terminated, the probate court would not have been deprived of jurisdiction. Nevertheless, neither the MSA nor the order of approval made any express finding that ATFL&L was not terminated, and even if there was an implied trust, the MSA deprived the probate court of jurisdiction to resolve any disputes among the parties, when it referred all matters to arbitration pursuant to the USA&M.

The panel opinion also stated at page 6 of the Memorandum Opinion that even if ATFL&L was terminated the probate court would have retained subject matter jurisdiction. However, the MSA expressly removed the jurisdiction from the probate court, and it required the parties to file a petition pursuant to the USA&M if there was any dispute among them related to the MSA. Distinguish *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001).

## UNITED STATES ARBITRATION & MEDIATION

The MSA provided at ¶7 that if one or more disputes arose, the parties agreed that the dispute would be referred to arbitration in accordance with the applicable USA&M. According to the USA&M rules "The parties to a dispute shall be deemed to have made these Consolidated Arbitration Rules a part of their arbitration agreement and shall be legally bound to comply with these Rules

whenever they have provided for arbitration by United States Arbitration & Mediation Midwest, Inc. (hereafter "USA&M"). These Rules and any amendments or modifications thereof shall apply in the form existing at the time arbitration is initiated, and shall be considered in conjunction with, and not in lieu of, any applicable statutory arbitration provisions." …

"3. Initiating Arbitration With an Arbitration Agreement"

a. "A party wishing to initiate arbitration pursuant to an arbitration agreement (hereafter the "Claimant") must file an original of the Claim with the USA&M, together with the appropriate filing fee required by the then prevailing USA&M Arbitration Fee Schedule. The Claim must include a description of the dispute, the specific relief sought, the address, telephone number, fax number, and e-mail address of the Claimant or representative, and a copy of all supporting documents, including the underlying arbitration agreement. Parties may stipulate to the use of USA&M and its Arbitration Rules even if other arbitration services or rules are referenced in their contract."

b. "USA&M will confirm receipt of the Claim to the Claimant after assigning a case number to the Claim. The claimant must then serve notice and a copy of the Claim, as required by contract and/or these Rules, to the other party(ies) (hereafter "Respondent") USA&M is not responsible for providing legal notice of a claim to the parties involved in arbitration."

(CR pages 202-209)

However, instead of referring the disputed issues for arbitration in accordance with the applicable USA&M rules, Lauren invoked the trial court's jurisdiction. Even if the trial court had jurisdiction to issue an order compelling

8

the parties to attend mediation and arbitration, it did not confer jurisdiction to the USA&M. Appellants submit that the proper procedure would have been to file a petition in accordance with the applicable USA&M Rules of Arbitration. Such a procedure would have provided due process pursuant to the MSA and the applicable USA&M Rules. Therefore, Appellants submit that the void Order Compelling Attendance at Mediation and Arbitration did not confer jurisdiction to the USA&M. The Order was signed on September 5, 2012 and filed on September 10, 2012. The MSA did not authorize continuing judicial jurisdiction, but mandated extra-judicial jurisdiction pursuant to its terms and the applicable USA&M Rules of Arbitration.

The panel opinion cites *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995) for the proposition that "[M]ere approval of a settlement agreement does not constitute rendition of a judgment." However, this case is distinguished from *S & A Rest. Corp.*, which involved an oral approval of a settlement agreement, and there is no indication that the settlement agreement provided for arbitration as the exclusive remedy to resolve any future disputes among the parties related to the MSA. Appellants submit that the trial court signed an order approving the MSA, which provided for arbitration as the exclusive remedy to resolve any future disputes among the parties related to the MSA. Thus, the order

9

approving the MSA resolved all claims and parties before the probate court, and it had the effect of a final judgment pursuant to the terms of the MSA, which expressly stated that it was final and irrevocable.

Appellants request the Court to determine whether the trial court's Order compelling attendance at mediation and arbitration was void due to lack of jurisdiction. Alternatively, if the Court finds that the trial court had jurisdiction, Appellants request the Court to determine whether the arbitration was conducted without due process pursuant to the MSA and the applicable United States Arbitration and Mediation Rules of Arbitration.

## JURISDICTION OVER APPELLANTS' PROPERTY

Landen submits that the trial court lacked subject matter jurisdiction as to her interests in properties, which were conveyed or transferred to her at the time ATFL&L was terminated, when it signed the Order on September 5, 2012 compelling attendance at mediation and arbitration. Landen was not a party to any lawsuit, and there was no term of the MSA that required her to transfer or convey any interest in property. Therefore, the trial court lacked jurisdiction to order her to do anything including attend mediation or arbitration. Furthermore, the arbitrator could not order Landen to convey her property pursuant to the MSA, because Landen had no obligation to convey her property pursuant to the MSA.

10

Sandy respectfully submits that the trial court lacked subject matter jurisdiction as to the interests in properties, which she conveyed or transferred to McFadin after ATFL&L was terminated, when it signed the Order on September 5, 2012 compelling attendance at mediation and arbitration. Although Sandy agreed to the MSA, which required her to sign deeds and other conveyance documents that were to be prepared within two weeks, the conveyance documents were not timely presented to her, and she did not sign them. Instead, after she discovered that Landen's purported agreement had been procured by deception by Lauren's attorneys, she conveyed her property to McFadin. Therefore, the trial court lacked jurisdiction to order Sandy to convey property because she no longer owned the property. Furthermore, the arbitrator could not order Sandy to convey her property pursuant to the MSA, because she had already conveyed her property to McFadin, and he was not a party to the arbitration.

McFadin respectfully submits that the trial court lacked subject matter jurisdiction as to his interests in properties, which were conveyed or transferred to him by Sandy after ATFL&L was terminated, when it signed the Order on September 5, 2012 compelling attendance at mediation and arbitration. McFadin was not a party to any lawsuit, and there was no term of the MSA that required him to transfer or convey any interest in property. Therefore, the trial court lacked

jurisdiction to order him to do anything including attend mediation or arbitration. Furthermore, the arbitrator could not order McFadin to convey his property pursuant to the MSA, because there was no agreement that McFadin would convey property.

Appellants submit that the arbitration award ordering Sandy and Landen to signed the deeds and conveyance documents attached thereto did not transfer title or ownership of any property to ATFL&L because the conveyance documents (1) contained false and misleading statements such that Sandy and Landen could not lawfully sign them, and (2) were not executed or recorded. For the same reasons, neither the Judgment affirming the arbitration award and Order in aid of enforcement did not transfer title or ownership of any property to ATFL&L.

The MSA provided for enforcement pursuant to the United States Arbitration and Mediation ("USA&M") Rules of Arbitration, not further action in the trial court. Therefore, Appellants submit that the trial court's order approving the MSA disposed of all claims and parties because the MSA expressly stated that it resolved all issues, and any further disputes arising from the MSA would be arbitrated. The trial court's order compelling the parties to attend further mediation and arbitration did not establish jurisdiction for the purpose of arbitration pursuant to the USA&M. Nevertheless, an arbitration hearing was

12

conducted due process and without Appellants' attendance or participation on October 18, 2012 pursuant to the trial court's order, but not according to a petition filed according to the USA&M Rules. Therefore, Landen and McFadin submit that the arbitrator lacked jurisdiction over them or their property, and Sandy no longer owned any property that could be the subject of arbitration.

Landen and McFadin respectfully submit that even if the trial court had jurisdiction to order Lauren, Diana and Sandy to attend mediation and arbitration, it did not have jurisdiction over Landen and McFadin or their property. Furthermore, no court order conferred jurisdiction on the arbitrator, who could only obtain jurisdiction pursuant to a petition filed under the USA&M. Consequently, the arbitration pursuant to a court order but not pursuant to the USA&M was void, and the arbitrator's award and the judgment approving the arbitrator's award were also void.

CONCLUSION AND PRAYER

WHEREFORE, Sandy, McFadin and Landen respectfully request the Court of Appeals to grant their motion for reconsideration en banc. Upon reconsideration, Appellants request the Court to reverse the trial court's Judgment affirming the arbitration award. Sandy, McFadin and Landen also request such further relief to which they may be justly entitled.

Respectfully submitted,

/s/ Philip M. Ross
Philip M. Ross
State Bar No. 17304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com
ATTORNEY FOR APPELLANTS
SANDY SAKS, LEE NICK MCFADIN, III
AND LANDEN SAKS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been e-filed and served on March 16, 2015 by email pursuant to agreement to Susan A. Kidwell, and Royal B. Lea, III.

/s/ Philip M. Ross
Philip M. Ross