### SALVATION ARMY OF TEXAS v. FORD et al.

No. 12554.

Court of Civil Appeals of Texas. San Antonio.

April 8, 1953.

954

D. Richard Voges, Floresville, Robert D. O'Callaghan, San Antonio, for appellant.

Murray & McDowell, Floresville, for appellees.

NORVELL, Justice.

In Salvation Army of Texas v. Edmondson, Tex.Civ.App., 256 S.W.2d 952, we held that regardless of whether or not a certain letter was admitted to probate as the last will of Annie Edmondson, her property went to her father, William M. Edmondson. In the present case, the Salvation Army of Texas claims under the will of William M. Edmondson, which was duly admitted to probate. The district court construed the will as vesting title to the property of William M. Edmondson (with the exception of certain specific bequests) in his heirs at law, namely, Charlie Edmondson, a half brother, and Allean Edmondson Bowers a daughter of a deceased half brother.

The will was in the handwriting of the testator and reads as follows:

"Stockdale, Texas
"July 17, 1950

"The Will and testimony of William M. Edmondson, and I being of sound mind and the sole heir to the William M. Edmondson estate of which I may retain at my death I further demand this Will be executed accordingly to-wit

"1. Want my debts all paid

"2. I reserve for burial expenses not to exceed $500.00 (five hundred dollars) for William Edmondson.

"I further bequeath to M. O. Maddux, $500.00 (five hundred dollars) for the many deeds of kindness I further bequeath 5 tomb rocks not to exceed $150.00 (one hundred and fifty dollars) each and to persons and places namely —Miss Annie Edmondson, William M. Edmondson her father and Mrs. Lou Hall all for the Stockdale Cemetary, Mrs. Clara Edmondson and Mrs. Annie Maddux of the Kenedy cemetary.

"And be it further understood should their become a legal heir, by adoption or otherwise then I bequeath the remainder of estate to said heir, and if none should exist or be named at my death, then I bequeath all the worthy cause of the Salvation Army to be used in aiding suffering humanity.

"Signed this 17th day of July, 1950.

"Signed: William M. Edmondson"

In ascertaining the intention of the testator, we must give effect to the words selected by him. We cannot assume that he used the word "heir" to mean something different from its commonly accepted definition. He died leaving heirs and under the will these heirs took the property to the exclusion of appellant. It is true that there is an awkwardness of expression

disclosed by the instrument, particularly in the use of the word "become" in the phrase "should there become a legal heir by adoption or otherwise," but if we attempt upon the basis of this word to attribute to the testator an intention to include only "heirs" who should come into such relationship with the testator after the date of the will, we would be indulging in mere conjecture and speculation.

"Where an ambiguity exists in a will, unless there is a manifest intention to the contrary, a presumption that the testator did not intend to disinherit his heirs at law or next of kin, but intended that his property should go in accordance with the laws of descent and distribution, will be applied as an aid in construing the will; and a testator's heirs at law or next of kin will not be disinherited by mere conjecture, but only by express words in the will or by necessary implication arising therefrom." 69 C.J. 97, Wills, § 1149c. See also, 57 Am.Jur. 757, Wills, § 1160; 44 Tex.Jur. 702, Wills, §§ 144, 145.

We are of the opinion that the trial court's construction of the will was correct and its decree is accordingly affirmed.