Doris KETTLER et al., Petitioners,

v.

Thelma Marie ATKINSON et al.,
Respondents.

No. A–9884.

Supreme Court of Texas.

Oct. 21, 1964.

William Andress, Jr., Dallas, Scholer &
Stanley, Beverly Hills, Cal., for Doris
Kettler et al.

Biggers, Baker, Lloyd & Carver and
Arch Beasley, Dallas, Waggoner Carr,
Atty. Gen., Austin, J. S. Bracewell and J.
Milton Richardson, Asst. Attys. Gen., for
Salvation Army et al.

Locke, Purnell, Boren, Laney & Neely
and Charles R. Johnson, Dallas, for Thelma
Marie Atkinson et al.

Robert E. White, Dallas, guardian ad
litem and attorney for minor appellees,
Katherine Jeane Kettler et al.

SMITH, Justice.

Mercantile National Bank at Dallas,
named as Executor and Trustee in the holo-
graphic will of Bernice E. Atkinson, now
deceased, dated May 9, 1959, filed this ac-
tion for declaratory relief and construction
of the will and the trust or trusts created by
the will, pursuant to Article 2524–1, Sec. 2 [1]

1. "Sec. 2. Any person interested under a
deed, will, written contract, or other writ-
ings constituting a contract, or whose
rights, status, or other legal relations
are affected by a Statute, municipal
ordinance, contract, or franchise, may
have determined any question of con-
struction or validity arising under the
instrument, Statute, ordinance, contract,
or franchise and obtain a declaration of
rights, status, or other legal relations
thereunder."

of Vernon's Annotated Civil Statutes and Article 7425b–24, Vernon's Annotated Civil Statutes, known as the Texas Trust Act. The petition named as defendants Doris Marie Kettler, Jeane Bernice Shaw and husband, Charles Shaw; Katherine Jeane Kettler, Lynn Elsa Fisher, and Jeane Lynne Shaw, Thelma Marie Atkinson, Walter Wells Atkinson, Lynn Shirk Atkinson, April Atkinson, Judy Atkinson and Heidi Atkinson, all residents of the State of California; the Salvation Army, a charitable organization with State headquarters in Dallas, Dallas County, Texas, and the State of Texas.

Mrs. Atkinson was a resident of the State of California at the time of her death on December 24, 1959, and her holographic will was admitted to probate in the Superior Court of the State of California in and for the County of Los Angeles, on February 17, 1960. Doris Marie Kettler and Jeane Bernice Shaw were appointed administratrices with will annexed.

The will contains two trust provisions. The trust [2] upon Texas Real Estate, hereinafter referred to as the Ranch-Trust, is the one with which this court is primarily concerned. The entire will appears in the opinion of the Court of Civil Appeals, 372 S.W.2d 704, and will not be recopied here, but certain provisions thereof will be discussed in disposing of the law questions presently involved.

The trial court, without the aid of a jury, held that the Ranch-Trust provisions of the will were void; that no residuary trust was established by the will, and that title to the ranch passed by intestate succession to the defendants, Doris Marie Kettler and Jeane Bernice Shaw, the only children of Bernice E. Atkinson, deceased. All others were denied interest in the ranch.

The Salvation Army, The State of Texas, and the defendant, Thelma Marie Atkinson, perfected an appeal to the Court of Civil Appeals. That court agreed with the trial court's holding that the Ranch-Trust violated the rule against perpetuities and was void, and affirmed the judgment of the trial court on that phase of the case. The Salvation Army and the State of Texas have assigned such action as error to this court in their application for writ of error. Thelma Marie Atkinson has filed a conditional application.

Although the Court of Civil Appeals held the Ranch-Trust was void, nevertheless, the Court in considering the provisions of the other trust [3] set up in the will, wherein the Testatrix provided that she wanted all the

2. "I want my ranch (3300 acres) in Kinney County to be set up in a perpetual trust. I specify that it must never be sold. The income to be divided equally between my direct blood heirs as long as there is a blood heir of mine living— and Mr. Lynn S. Atkinson and his sister Mrs. Thelma Marie Atkinson as long as they live—When the time comes that there are no blood heirs of mine from the issue of my own children—their children—I want the income from the ranch to be divided equally between any blood issue of 1. Walter Wells Atkinson, 1522 North Orland, San Gabriel, California and 2. Lynn Shirk Atkinson, 1522 North Orland, San Gabriel, California. The income is to be continued and divided between all direct blood issue of Lynn Shirk Atkinson and Walter Wells Atkinson until their direct blood issue has run out completely. When the time comes that there is no direct blood issue living of my two daughters Doris M. Kettler and Jeane Bernice Shaw and no remaining direct blood issue from Walter Wells Atkinson and Lynn Shirk Atkinson —I want the income from the ranch to go to The Salvation Army. If the Salvation Army should be dissolved or disbanded—I want the ranch to be given to the State of Texas."

3. "I want all of my financial assets placed in—Trust with the Mercantile National Bank at Dallas. I name the Mercantile National Bank at Dallas, as my sole executor.
  *　　*　　*　　*　　*
  "My financial assets consist of 3566 shares of Mercantile National Bank at Dallas. 60 Shares of First National Bank in Dallas. 110 Shares Merchants Discount Co., Winnsboro, Texas, 400 Shares of Revlon Inc. 200 Shares Texas Gulf Sulphur, 3500 in cash in Security First

income from her estate divided equally between her two daughters, Doris Marie Kettler and Jeane Bernice Shaw and her former husband, Lynn S. Atkinson held that (1) Mrs. Kettler should recover a life estate in 1/3 of the ranch with remainder to her children; (2) Mrs. Shaw, a life estate in 1/3 of the ranch with remainder to her children; and (3) Thelma Atkinson, sister of Lynn S. Atkinson, deceased, should recover a life estate in 1/3 of the ranch with remainder in fee to the children of Mrs. Kettler and Mrs. Shaw. The Salvation Army and the State of Texas were denied a recovery of an interest in the ranch property.

Mrs. Kettler and Mrs. Shaw, in their motion for rehearing in the Court of Civil Appeals, and in their application for writ of error, assert that the Texas courts do not have jurisdiction to construe the provisions of a California will relating to the income from the ranch property; that the trust, under which the Court of Civil Appeals held that Thelma Marie Atkinson was entitled to a life estate, was void because such trust contained no provision for its termination, and that it did not provide for the distribution or final vesting of the corpus; and, that the "gift of income for life from a trust estate consisting of both real estate and dividend paying stocks" did not create a vested legal life estate on realty in the income donee.

The Kettler-Shaw application was granted. The other applications were granted because of the action of this court in granting the Kettler-Shaw writ. Since the granting of the writ, all parties, with the exception of the Salvation Army and the State of Texas, have filed in the Superior Court of the State of California, where the matter of the Estate of Bernice E. Atkinson, deceased, is pending, an agreement, effective March 10, 1964, to settle, adjust

and compromise, as between themselves, "their respective rights, claims, demands or interest arising out of any relationship whatsoever with or any will of the said Bernice E. Atkinson, deceased," subject to the approval of the Superior Court.

On April 27, 1964, the Superior Court formally issued its order approving the agreement, and an authenticated copy of such order has been filed with the Clerk of this court.

In view of the settlement agreement and the approval of the Superior Court of California, it is unnecessary for this court to decide the law questions presented in the Kettler-Shaw application for writ of error which affect the rights of the petitioner-respondent, Thelma Marie Atkinson.

We come now to a consideration of the issues presented as between the Petitioners, Kettler and Shaw, and the Petitioners-Respondents, the Salvation Army and the State of Texas. We have concluded to affirm the trial court on these issues. At this point, we perhaps should note that the Attorney General of Texas is acting both as attorney for the State of Texas, a contingent remainderman, and on behalf of the interests of the general public in the trust for the benefit of the Salvation Army.

It is apparent from the pleadings filed by the Mercantile National Bank of Dallas, hereinafter referred to as the Bank, that this declaratory judgment suit was deemed necessary because a controversy had arisen as to the proper construction of the holographic will of Mrs. Bernice E. Atkinson, deceased, and because of the necessity to determine the rights of the parties, and the title to the Ranch property situated in Kinney County, Texas. The pleadings state that the bank had been advised by its counsel that "such will is in all probability void as being in violation of the rule against

National Bank of Los Angeles, Larchmont Blvd., Branch. $10,891 in cash in my brokerage account—with E. F. Hutton and Company—Wilshire Branch Salesman Mr. Tod Barrington, 4155 Wilshire Blvd.,

Los Angeles 5. 7 Shares National Securities—a 3300 acre ranch 18 miles South of Del Rio, Texas—the ranch is in Kinney County, Texas."

perpetuities stated in Article I, Section 26 [4] of the Constitution of the State of Texas [Vernon's Ann.St.]." The Bank further alleged that "[b]ecause of the uncertainty as to the validity and meaning of such will, Plaintiff is not in a position to determine whether or not it desires to act and until uncertainties are resolved, Plaintiff does not have a basis upon which to make its determination."

The Bank called upon the trial court to adjudicate and determine three questions:

"(a) Are the provisions creating the trust and naming Plaintiff as Trustee *with respect to the real property* located in Kinney County, Texas, more fully described above, valid or is such trust void as contrary to the rule against perpetuities?

"(b) If such trust is void as being in violation of the rule against perpetuities who are the proper heirs of Bernice E. Atkinson with respect to the real property located in Kinney County, Texas?

"(c) If the trust created by the will of Bernice E. Atkinson, deceased, is valid in connection with the real property located in Kinney County, Texas, who are the beneficiaries of such trust and what are the rights and duties of Plaintiff as Trustee under such trust?"

In view of our holding on question (a) and the settlement agreement, it is unnecessary for this court to pass upon questions (b) and (c).

The Salvation Army and the State of Texas have taken the position throughout that the proper construction to be placed on that portion of the holographic will relating to the Kinney County Ranch is that Mrs. Atkinson intended that there be a series of life estates to be followed by a charitable trust, and that a charitable perpetual trust in favor of the Salvation Army vested in it at the time of the death of Mrs. Atkinson, the contention being that it is well settled that a perpetual trust may legally be created for charitable purposes. The Salvation Army and the State further contend that the Ranch-Trust created a charitable trust, and, that such trust is immune from the rule against perpetuities. In making such contention, however, they apparently recognize the rule that a gift to charity which is preceded by a gift given in trust for non-charitable purposes will be upheld *if, and only if,* the gift to charity must vest, if at all, within the period of the rule against perpetuities. The gift over is valid *if it is from the outset a vested gift.* 4 Scott on Trusts (2nd ed.) 2879, Sec. 401.7.[5]

The scope of the rule against perpetuities is not the question. All parties recognize it to be well settled that the "rule against perpetuities renders invalid any will which attempts to create any estate or future interest which by possibility may not become vested within a life or lives in being at the time of the testator's death and twenty-one years thereafter, and when necessary the period of gestation." Henderson v. Moore, 144 Tex. 398, 190 S.W.2d 800 (1945), and cited cases.

The purpose of the rule is to prevent the taking of the subject matter of the perpetuity out of commerce or trade for the prohibited period. As this court said in

4. "Sec. 26. Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed, nor shall the law of primogeniture or entailments ever be in force in this State."

5. "Where property is given in trust for non-charitable purposes with a gift over for charitable purposes, the gift over is valid if it is from the outset a vested gift. Thus where a testator left his estate in trust to pay the income to his daughter for life and to her children for their lives and on their death to a charitable corporation, the gift to the corporation is valid, since it is a vested and not a contingent gift, although the enjoyment by the charitable corporation is postponed until the death of the children of the testator's daughter who might not be born at the time of his death."

Singer v. Singer, 150 Tex. 115, 237 S.W.2d 600 (1951):

> "'A perpetuity has been defined as a limitation which takes the subject-matter of the perpetuity out of commerce for a period of time greater than a life or lives in being, and 21 years thereafter, plus the ordinary period of gestation.'"

We cannot agree with the Salvation Army and the State of Texas that the will of the Testatrix, Bernice E. Atkinson, does not violate the rule against perpetuities. The will is unambiguous; it created and established two separate trusts, a general trust and a separate trust for the ranch. The Texas Ranch does not go into the general trust, even though it is listed as a part of her "financial assets." The will clearly (1) makes a disposition of the income from her estate, and (2) makes separate provision for the ranch. The Ranch-Trust is a trust separate and distinct from the general trust. Therefore the terms and provisions of the general trust which make disposition of the income from the entire estate are not to be considered as affecting the ranch property. It is clear that under the provisions of the Ranch-Trust quoted above, the land was never to be sold, the income was to go to her direct *blood* issue or blood relatives. Clearly, the trust is a perpetual noncharitable trust, and only when *blood* issue or blood relatives run out would the income go to the Salvation Army, and later to the State.

The Salvation Army and the State, in their briefs and in oral argument, in effect, concede that their burden is to secure a holding by this court that the will is ambiguous. It is argued that the terms used in the will, such as, "direct blood heirs," "blood heir," "blood heirs," "issue," "blood issue" and "direct blood issue," be construed to mean "children." By construing the terms used in the will to mean "children," it is argued that the Ranch-Trust is a valid, charitable trust, preceded only by a series of successive vested life estates. Thus, the

Salvation Army contends that it has discharged its burden and has brought its case within the rule announced in Scott on Trusts, Section 401.7, supra.

The Salvation Army and the State of Texas contend that because Mrs. Atkinson, in other parts of the will, used the term "blood issue," etc., as meaning "children," it can be inferred that she intended the term to mean "children" in the paragraph of the will creating the Ranch-Trust

This court is not disposed to rewrite the will of the testatrix, Mrs. Atkinson, and thereby create ambiguities. We decline to resort to the substitution of words for the words of the testatrix to accomplish such purpose. In ascertaining the intention of the testatrix, we must give effect to the words selected by her. Salvation Army of Texas v. Ford et al., Tex.Civ.App., 256 S.W.2d 953 (1953) no writ history. The intention of the testatrix so far as the ranch property is concerned is clearly expressed, therefore, we do not get to the rule which authorized the Court to adopt a construction of a will which will avert intestacy.

Under the terms of the will which reads:

> "[W]hen the time comes that there is no direct blood issue living of my two daughters Doris M. Kettler and Jeanne Bernice Shaw and no remaining direct blood issue from Walter Wells Atkinson and Lynn Shirk Atkinson, * *."

the testatrix clearly meant that the income from the ranch property was not to go to the Salvation Army until the happening of a named event which possibly would not occur within a life or lives in being at the time of the testator's death and twenty-one years thereafter. Obviously, the Ranch-Trust provided for in the will violates Section 26, Article 1 of the Texas Constitution.

The judgments of the trial court and the Court of Civil Appeals holding that the Ranch-Trust provisions of the will are void are affirmed. However, in view of the set-

-tlement agreement entered into between all parties, except the Salvation Army and the State of Texas, the cause is remanded to the trial court with instructions to enter judgment in accordance with the settlement agreement and this opinion.

All costs are adjudged against Kettler-Shaw.