**William S. MAUPIN, Appellant,**

v.

**Carol Glenn DUNN, Appellee.**

**No. 10–84–111–CV.**

Court of Appeals of Texas,
Waco.

Aug. 30, 1984.

W. David Ralston, Jr., Smith, Ralston, Russell & Wright, Corsicana, for appellant.

Jimmy R. Morris, Corsicana, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Maupin from judgment in favor of plaintiff Dunn and cross-defendant Glenn in suit to remove cloud on title to one acre of land arising out of a recorded option agreement.

Plaintiff Dunn alleged that on April 15, 1975, plaintiff was married to Dale Glenn and on that date the father of Dale Glenn, O.W. Glenn, conveyed one acre of land to Dale Glenn, and deed recorded in the deed records of Navarro County; that on March 17, 1978, plaintiff and Glenn were divorced and by agreement plaintiff and Glenn became co-tenants as to the mobile home on the one acre of land; that plaintiff conveyed her interest in the one acre to Glenn; that on January 9, 1979, Glenn executed and delivered a written option agreement to defendant Maupin for the purchase of said one acre, the option period being for so long as Glenn owned the property; that at no time during the option period did Maupin exercise his right to purchase the property; that on April 1, 1982, Glenn conveyed the one acre to plaintiff by warranty deed and at such time defendant Maupin had not exercised his right to purchase under the option agreement; that on December 2, 1982, Billy Ray Cobb offered to purchase the one acre from plaintiff and plaintiff desires to sell the property to Cobb; that Cobb's attorney advises against the purchase until a release is obtained from defendant Maupin; that defendant refuses to execute a release and the option agreement constitutes a cloud on plaintiff's title; that defendant's failure to remove the cloud is willful, deliberate, in bad faith and plaintiff is entitled to recover exemplary damages.

Plaintiff further alleged by trial amendment that the entire contract is void and violative of the rule against perpetuities, Article I, Section 26 of the Texas Constitution.

Defendant Maupin filed a cross-action seeking specific performance of plaintiff and alternatively, damages for breach of the option agreement by cross-defendant Glenn.

Trial was to the court which after hearing rendered judgment for plaintiff Dunn and cross-defendant Glenn, declaring the option agreement void as violative of the rule against perpetuities, Article I, Section 26 of the Texas Constitution.

The trial court filed Findings and Conclusions substantially as follows:

### Findings of Fact

Plaintiff Dunn was married to Dale Glenn on April 15, 1975, and on that day the father of Dale Glenn, O.W. Glenn, conveyed one acre of land to Dale Glenn. (The Findings contain the legal description of the one-acre tract.) The deed was recorded in the Navarro County deed records. On March 17, 1978, plaintiff and Glenn were divorced. Incident to the divorce decree, plaintiff conveyed her interest in said one acre to Dale Glenn. On January 9, 1979, Dale Glenn executed and delivered a written option agreement to defendant Maupin for the purchase of said one acre. The option is recorded in the Navarro County deed records. The option period was for so long as Dale Glenn owned the property. The fifth paragraph of the option agreement states: "This option shall be binding on Optionor, his heirs, successors, and assigns, and shall inure to the benefit of Optionee, his heirs, successors, and assigns." On April 1, 1982, Dale Glenn conveyed to plaintiff Dunn said one acre, the deed recorded in the Navarro County deed records. At the time of this conveyance, defendant Maupin had not exercised his right to purchase under the option agreement. Prior to January 9, 1979, Orvel Dale Glenn gave oral notice to defendant Maupin of his intent to sell the one-acre tract to his ex-wife, plaintiff herein. Defendant Maupin told Glenn he would rather plaintiff have the one acre than anyone else and voiced no objection to the sale.

### Conclusions of Law

The option agreement created a cloud on plaintiff Dunn's title to said one acre. The option agreement was illegal and void from its inception and violated the rule against perpetuities because the provision was extended and applied to the heirs, successors and assigns of both parties and gave a present right to an interest in land which might arise at a period beyond the legal limit so as to bring it within the rule against perpetuities. Defendant Maupin should recover no damages against Orvel Dale Glenn. Plaintiff Dunn should not be required to specifically perform the option agreement.

Defendant Maupin appeals on 3 points asserting:

1) The trial court erred in ruling that the written option agreement violates the rule against perpetuities for the reason that said option agreement is revocable by the optionor's heirs, successors and assigns.

2) The trial court erred in not reforming the option agreement in accordance with Section 5.043(a), Texas Property Code, in the event said agreement violates the rule against perpetuities.

3) The trial court erred in not enforcing the written option agreement by ordering the specific performance thereof by Carol Glenn Dunn.

The Texas Constitution provides in Article I, Section 26:

"Perpetuities and monopolies are contrary to the genuis of a free government, and shall never be allowed, nor shall the law of primogeniture or entailments ever be enforced in this State."

The two pertinent paragraphs of the option agreement read as follows:

"1) This option, which is irrevocable for so long as Optionor, Orvel Dale Glenn, shall own the property and shall stand as an Option and as a First Right of Refusal to purchase the property at such time as it shall become available for sale.

"5) This Option shall be binding on Optionor, his heirs, successors, and as-

signs and shall inure to the benefit of Optionee, his heirs, successors and assigns".

 The rule against perpetuities provides that no interest is good unless it must vest, if at all, not later than 21 years after some life in being at the creation of the interest plus gestation period if gestation exists. Gray, The Rule Against Perpetuities (4th ed. 1942) p. 191; *Kettler v. Atkinson,* S.Ct., 383 S.W.2d 557; *City of Houston v. West,* CCA (Waco) NRE, 563 S.W.2d 680. For purposes of the rule, the word "vest" means to give an immediate, fixed right of present or future enjoyment and may be described as an interest clothed with a present, existing, and legal right of alienation, *City of Houston v. West,* supra.

In the case before us, the option by its express terms is not personal to defendant Maupin but binds or inures to the benefit of the heirs, successors and assigns of both parties. Such language unambiguously indicates the optionor intended the option to be enforceable by individuals other than Maupin, the option not expiring with the lifetime of the optionee. Thus, the interest which would arise upon exercise of the option would not necessarily vest within the time limits contemplated by the rule. *Mattern v. Herzog,* S.Ct. 367 S.W.2d 312; *Trustees of Casa View Assembly of God Church v. Williams,* CCA (Austin) NWH, 414 S.W.2d 697.

Though the option agreement provides no specific time for its exercise, the law will presume the parties intended that it be exercised within a reasonable time. What that reasonable time would be depends upon the facts and circumstances. *Mattern v. Herzog,* supra. The option agreement was entered into in January, 1979. Defendant Maupin not only made no effort to exercise the option until over 4 years later, he knowingly acquiesced in the transfer from Glenn to plaintiff Dunn. The power of acceptance of one holding a preemptive right does not continue indefinitely but terminates on expiration of a reasonable time or by express rejection, or by conduct clearly inconsistent with an in-

tention to purchase. *Martin v. Lott,* CCA (Dallas) NWH, 482 S.W.2d 917; *Ellis v. Waldrop,* S.Ct. 656 S.W.2d 902. Defendant Maupin is in no position to enforce the option or to request reformation of same.

Points 1, 2 and 3 are overruled.

AFFIRMED.