Maria R. GARZA, et al, Appellants,

v.

SUN OIL COMPANY, et al, Appellees.

No. 04–85–00484–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 12, 1986.

Rehearing Denied Feb. 6, 1987.

W. Burl Brock, Catherine M. Stone, San Antonio, John Pope, Rio Grande City, for appellants.

Terry R. Means, Corsicana, for appellees.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

DIAL, Justice.

This suit commenced as an action to quiet title instituted by appellants and several other plaintiffs. Plaintiffs claimed fee simple title to a 640 acre tract of land in Starr County by virtue of the exercise of a purchase option in 1968 by one of the plaintiffs. The land is mineral classified and subject to the provisions of the Texas Relinquishment Act. TEX.NAT.RES.CODE ANN. § 52.171 et seq. (Vernon 1978).

On October 12, 1933, J.F. Hall and his wife were fee simple owners of the 640 acre tract. On that date, the Halls, as agents for the State, leased the oil, gas and other minerals in and under the tract to Homer P. Lee, who later assigned the lease to Sun Oil Company. Thereafter, Lee purchased fee simple title to the land by general warranty deed, and ultimately conveyed an undivided one-fourth interest in his fee simple estate to R.L. Wheelock.

On September 12, 1938, both Lee and Wheelock entered into a surface lease with option to purchase with appellants' predecessors in title (hereinafter called appellants). The surface lease covered the 640 acre tract in question and was for a period of 30 years. At the end of the 30 year period, if appellants performed certain conditions precedent, appellants were granted the option to purchase the "entire fee sim-

ple" title to the property for the consideration of one dollar. Upon payment of this amount, the entire fee simple title to the property would vest in appellants, subject to any oil, gas or mineral lease on the land, and subject to "any and all royalty conveyances theretofore or hereafter executed" by Lee and Wheelock, their heirs or assigns. From 1938 to 1956, Lee and Wheelock executed numerous mineral deeds or warranty deeds to appellees and their predecessors in title (hereinafter called appellees).

At the end of the 30 year lease term, appellants executed their option by tendering one dollar to the account of Lee and Wheelock at their bank in Starr County. In November, 1968, appellants secured a quitclaim deed from the heirs of Homer P. Lee. In December, 1968, the heirs of R.L. Wheelock executed a deed quitclaiming their interest in the surface estate to appellants, and excepting all oil, gas and other minerals in and under the land. Appellants filed their original petition on December 1, 1980, for clear title to the real property in question, including all royalty payments to the Lee and Wheelock heirs, representatives, executors and assigns since November, 1968. Appellants prayed that Sun Oil Company be required to pay appellants their share of royalty payments and account for production since November, 1968.

Appellees asserted several defenses including the allegation that the option provision is void as an illegal restraint upon alienation and as a violation of the rule against perpetuities. TEX. CONST. art. I § 26.

Prior to the start of trial the Court severed appellants' action against Sun Oil Company for an accounting and payment of royalties, and proceeded to trial only on the liability portion of the case. Following a bench trial, the Court entered judgment quieting title to the surface of the land in appellants. Title to certain royalty income under the oil and gas lease held by Sun Oil Company was quieted in favor of Maria R. Garza and Garza Land and Cattle Corporation as against eighteen defaulting defendants. Regarding appellants' claim for title to royalty income paid to the remaining defendants, the court ruled that appellants take nothing. Findings of fact and conclusions of law were requested and filed, and appellants' motion for new trial was overruled by operation of law. Thereafter, Maria R. Garza and Garza Land and Cattle Corporation timely perfected their appeal to this Court.

Appellants raise five points of error complaining of the trial court's findings that the royalty payments were to be made to appellees. Their position throughout the case has been that the appellants were granted an option to purchase the entire fee simple title, including both surface and royalty, to the 640 acre tract. The option was granted subject to royalty conveyances, but appellants argue that Lee and Wheelock failed to make conveyances that properly severed the royalties from the mineral estate. They argue that they properly exercised their option, whereupon the entire fee simple title vested in them, including the interest in the royalties being paid by Sun Oil.

Appellees bring two cross-points. In the first they argue that the option clause is void because it violates the rule against perpetuities. Upon review of all of these points, we have determined that appellees' first cross-point is well taken and is dispositive of this appeal. We therefore proceed to a discussion of that point.

"Perpetuities ... are contrary to the genius of a free government and shall never be allowed...." TEX. CONST. art. I § 26. The rule provides that no interest is valid unless it must vest, if at all, within 21 years after the death of some life or lives in being at the time of the creation of the interest, plus the normal gestation period when necessary. *Henderson v. Moore*, 144 Tex. 398, 190 S.W.2d 800, 801 (1946). A grant or interest which may not vest within that period of time, and which operates to take the property out of commerce and restrict its alienation, is void. *Brooker v. Brooker*, 130 Tex. 27, 106 S.W.2d 247, 254 (1937). The rule requires that a challenged conveyance be viewed as of the date the instrument is executed, and it is void if

by any possible contingency a grant could violate the rule. *Peveto v. Starkey,* 645 S.W.2d 770, 772 (Tex.1982).

The pertinent language of the lease reads as follows:

At the expiration of thirty (30) years from [September 12, 1938], or at *any time thereafter,* if LESSEES, their heirs or assigns, during the entire term of this lease have punctually and fully complied with all of their obligations under this lease, then and in that event LESSORS hereby give LESSEES, *their heirs and assigns,* the option to purchase the above described land ... for a consideration of One ($1.00) Dollar.... (Emphasis added).

██ The option is void because it is possible that the ownership interest it creates would not vest within the time prescribed by the rule against perpetuities. The vesting of the ownership interest in the land when the surface lease was created was predicated upon two conditions: contractual performance by the lessees or their heirs or assigns during the 30 year lease term, and the payment of the $1.00 option fee by the lessees or their heirs or assigns at any time after the expiration of the 30 years term. Since the grantees of the option potentially included both unborn children and grandchildren of the lessees ("heirs") and unborn future transferees of the option ("assigns"), it was possible that these heirs or assigns could be born after the grant of the option, outlive all lessees then alive by over 21 years, and be eligible to exercise the option at any time after the expiration of the surface lease. Thus, the interest may not vest within the period prescribed by the rule against perpetuities.

Appellants argue that the language, "at any time thereafter," evidences an intent to grant them the right to exercise their option within a reasonable time after the expiration of the 30 year lease term. They rely on *Mattern v. Herzog,* 367 S.W.2d 312 (Tex.1963). *Mattern,* however, is distinguishable. In *Mattern,* no time limit was stated for the exercise of the option. The Court stated:

*When the wording of the option does not compel a construction that the parties intended that the time element should be unlimited,* the court will not construe an option contract ... granting an option to run for an indefinite time and thus destroy the validity of the option provision. It has been stated that the courts will go so far as to imply a reasonable time *when no time limit is expressly stated.* (Emphasis added).

367 S.W.2d at 319. In the case before us, however, the surface lease clearly compels the construction that the parties intended that the time element for the exercise of the option should be unlimited. The option could be exercised at the expiration of 30 years "or at any time thereafter." Therefore, *Mattern,* has no application to this case.

Even if we were to hold that the parties to the lease intended the option to be exercised at a reasonable time after the expiration of the 30 year surface lease, this will not preserve the option. If the language, "at any time thereafter," had not been included, the option still violates the rule against perpetuities. When lives in being form no part of the period of the suspension of the vesting of title, the time limit against perpetuities is 21 years from the grant of the option. *See Henderson v. Moore,* 190 S.W.2d at 801. In this case it is possible for an "heir" or assign of the lessees, unborn at the creation of the option, to outlive all the lessees by more than 21 years and to be eligible to exercise the option promptly at the termination of the 30 year surface lease.

By failing to either restrict the grant of the option to lives in being at the time of the grant or to reduce the period of the suspension of its exercise to 21 years or less, the parties have violated the rule against perpetuities. The grant of the option to appellants is void.

Since the option is void, it is unnecessary to consider appellants' point of error. Their alleged entitlement to the royalties hinges on their exercise of the purchase option.

118

The judgment of the trial court is affirmed in part insofar as it awards royalties to appellees. The judgment is reversed in part insofar as it quiets title in the surface to appellants. Judgment is here rendered that the option provision of the surface lease is void and that appellants have no right to title or possession of the surface estate.