**Katherine BALL, et al., Appellants,**

v.

**Ernest KNOX, Individual Administrator with Will Annexed of the Estate of Newell Ancil Hogan, Deceased, et al., Appellees.**

No. A14–88–00253–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 9, 1989.

Kenneth McLaughlin, Jr., Lisa Sandoz Robinson, Houston, for appellants.

Linda L. Kelly, Judith W. Lenox, James J. Burnett, Houston, Stephen N. Wakefield, Dallas, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is a case contesting a will. Newell Ancil Hogan, (testator), a resident of Harris County, died on March 16, 1985. The testator left a holographic will dated June 23, 1976. On August 14, 1984, the will was admitted to probate. On January 8, 1986, appellee Ernest Knox, Independent Administrator with Will Annexed of the Estate, along with the other appellees who are the putative heirs of the testator, filed an original petition for will construction alleging that provisions of the will contained certain ambiguities; that the will purports to create one or more trusts without specific gifts to the trusts; that the purported trusts expressly violate the rule against perpetuities; and that the will was incapable of enforcement or construction as to its dispositive provisions. Also, appellees prayed that the court appoint an attorney ad litem to represent the interest of all minor, unborn and unknown parties to the proceeding.

The appointment of the prayed for attorney ad litem was signed February 11, 1987. The attorney ad litem then filed an original answer on March 25, 1987. The appellees then filed a motion for summary judgment alleging that the provisions of the will violate the rule against perpetuities, thus, causing the will to be void as a matter of law. Appellant's filed a memorandum in opposition to the motion for summary judgment. After a hearing, the summary judgment was granted by the trial judge and judgment was entered for appellees. Appellant filed a motion for new trial which was denied.

Appellant raises four points of error: (1) the trial court erred in ruling that it is inappropriate to reform the testator's will under TEX.PROP.CODE ANN. § 5.043; (2) the trial court erred in ruling that the dispositive provisions of the will are void under TEX.PROP.CODE ANN. § 112.036 or any other rule against perpetuities applicable under Texas law; (3) the trial court erred in ruling that the assets of the estate which were not used to pay funeral and administrative expenses passed to the testator's heirs under the laws of descent and distribution of the State of Texas; (4) the trial court erred in ruling that appellees are entitled to judgment as a matter of law. We affirm as modified.

Appellant's point of error one contends that the trial court erred in ruling that it is inappropriate to reform the testator's will under TEX.PROP.CODE ANN. § 5.043.

The holographic will provision which both sides concede is violative of the rule against perpetuities is as follows:

Collaterals herein refers to my Brother & Sisters or the sister of Billie Deason Hogan and to the direct descendants [sic] of Gertrude Buchanan.

Sixth: Recognizing the great importance of Health and Education, it is my wish that every effort will be made to increase the size of the living Trust—eventual sale of farm land in Nacogdoches County, Texas, plus profits from Hogan Eq. Inc. & Securities, that this Trust will grow over the years—such profits re-invested in Blue Chip or Triple AAA Bonds with minimum risk—and the proceeds be issued for higher Education cost (based on sound loan principals)—those eligible for such Educational assistance to be direct descendants of my collaterals as well as my deceased wife Bille H. Deason Hogan's Collateral's descendants; also those of Gertrude Buchanan—if the funds are available from generation to generation for Higher Education including vocational training with Job End Aims. Selectees are to be approved by the Supervisory committee consisting of my niece [sic] Judy Chandler, nephew Tom Ball and Gertrude. Likewise, this Residue may be prudently loaned for above descendants, with health problems too great for whatever other sources of money, including welfare assistance is available. Great restraint to be exercised in this connection—This fund is not intended for normal Day to Day health care but Rather

for Catastrophe Cases and these also to be approved by the supervisory committee named herein above.

This court finds no language within this provision for the termination of the purported trust. Quite the contrary, the will provision contains specific expressions of the decedent's intention that the trust continue in perpetuity, limited only by the availability of funds. This trust provision attempts to create an estate, or future interest, which by any possibility may not become vested within a life or lives in being at the time of the testator's death and twenty-one years thereafter, and when necessary the period of gestation. Thus, this provision is invalid by violating the rule against perpetuities. *Foshee v. Republic Nat'l Bank of Dallas,* 617 S.W.2d 675, 677 (Tex.1981); *Kettler v. Atkinson,* 383 S.W. 2d 557, 559 (Tex.1964); *Henderson v. Moore,* 144 Tex. 398, 190 S.W.2d 800, 801 (1946). The rule against perpetuities is also applicable to trusts, and a perpetual trust of indefinite duration is void. *Foshee,* 617 S.W.2d at 677; *Carr v. Jones,* 403 S.W.2d 181, 182 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.); *Moore v. Sellers,* 201 S.W.2d 248, 251 (Tex.Civ.App.—San Antonio 1947, writ ref'd).

In addition, the perpetuity created in this provision of the holographic will violates TEX.CONST. art. I, § 26 which states: "[P]erpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed...."

Appellant's contend that even though this provision violates the rule against perpetuities, reformation of the provision is mandatory pursuant to the Texas Property Code. TEX.PROP.CODE ANN. § 5.043 states:

Reformation of Interests Violating
Rule Against Perpetuities

(a) Within the limits of the rule against perpetuities, a court shall reform or construe an interest in real or personal property that violates the rule to effect the ascertainable general intent of the creator of the interest. A court shall liberally construe and apply this provision to validate an interest to the fullest extent consistent with the creator's intent.

(b) The court may reform or construe an interest under Subsection (a) of this section according to the doctrine of cy pres.

(c) If an instrument that violates the rule against perpetuities may be reformed or construed under this section, a court shall enforce the provisions of the instrument that do not violate the rule and shall reform or construe under this section a provision that violates or might violate the rule.

(d) This section applies to legal and equitable interests conveyed by an inter vivos instrument or a will that takes effect on or after September 1, 1969, and this section applies to an appointment made on or after that date regardless of when the power was created.

We find that this statute is inapplicable in the instant case. Before the reformation as stated in TEX.PROP.CODE ANN. § 5.043 can occur, there must be an attempt to convey an interest in real or personal property that violates the rule against perpetuities. We find that no such interest in real or personal property exists pursuant to the written terms of this provision within the testator's will.

An interest is defined in *Restatement of Property* § 5 (1936), along with its comments as:

§ 5  INTEREST.

The word "interest" is used in this Restatement both generically to include varying aggregates of rights, privileges, powers and immunities and distributively to mean any one of them.

*Comment:*

  *a. Restriction on available terminology.* There is no corresponding term in common use which includes generically duties, lack of rights, liabilities and disabilities.

  *b. Interest had by a person as a member of society.* A right, privilege, power or immunity with regard to land,

or with regard to a thing other than land, can exist in a person merely because he is a member of society. Thus an individual has the "privilege" of offering to buy a given piece of land, or of going on it in certain very restricted circumstances and the "right" not to be interfered with in going on such land in these restricted circumstances. If the land is covered by navigable water he may, as a member of society, have the "privilege" of navigating over it and the right not to be disturbed in so doing. Few such interests will be treated herein.

c. *Interest in land or other thing.* There are rights, privileges, powers and immunities with regard to specific land, or with regard to a thing other than land, which exist only in a particular person. By virtue of the fact that a person has these special interests, other than and in addition to those possessed by members of society in general, he occupies a peculiar and individual position with regard thereto. Interests of this type constitute the chief subject matter of this Restatement, and, when the affected thing is land, are designated herein as "interests in land."

d. *Interest good against an indefinite number of persons.* An interest in land, or in a thing other than land, is commonly a multiple interest, that is, it is good against an indefinitely large number of persons. Thus the "right" of the owner of an estate in fee simple absolute, that his possession be not disturbed, is a right existent against an indefinitely large number of persons. Such a right is sometimes described as a *right in rem*, the term being used more or less in antithesis to the term *right in personam*. It is sometimes said to be a characteristic of property interests that they are rights *in rem* and not rights *in personam*. The term *right in rem* has no single fixed meaning and neither the term *right in rem* nor the term *right in personam* is used in this Restatement.

e. *Complete property.* The totality of these rights, privileges, powers and immunities which it is legally possible for a person to have with regard to a given piece of land, or with regard to a thing other than land, that are other than those which all other members of society have as such, constitutes complete property in such land or thing other than land. This totality varies from time to time, and from place to place, either because of changes in the common law, or because of alterations by statute. Thus if the law should come to be that no person could build a five-story building on his land, the totality of privileges that every person has who owns land would be correspondingly diminished. So if a zoning ordinance were passed, the totality of interests would be affected, to the extent of the ordinance, for persons owning land within the district to which the ordinance applied. At any one time and place, however, there is a maximum combination of rights, privileges, powers and immunities in the land that is legally possible, and which constitutes complete property in the land, or thing other than land.

In light of this definition, we find that those entitled to the contents in the sixth paragraph of Mr. Hogan's will were not conveyed an interest. The language within the sixth paragraph of the holographic will is too illusory, and in our opinion provides these heirs with only the possibility of a loan, and then, only after certain other avenues are exhausted. We find that this is not an interest within the meaning of the Restatement of Property § 5 or TEX.PROP. CODE ANN. § 5.043. *See also, McDonald v. Bayard Sav. Bank,* 123 Iowa 413, 98 N.W. 1025, 1026 (1904). Thus, since an interest has not been conveyed, we do not reach the issue of whether reformation within TEX. PROP.CODE ANN. § 5.043 applies to noncharitable trusts as is present in the instant case.

Were it necessary to interpret the codified statute, this court would be bound to follow the holding handed down by the Texas Supreme Court in *Foshee v. Republic Nat. Bank of Dallas,* 617 S.W.2d 675 (Tex.1981). The *Foshee* court held that the reformation within TEX.CIV.STAT. art. 1291b (predecessor to TEX.PROP.CODE ANN.

§ 5.043) is applicable only in instances where an interest in real or personal property is made for charitable purposes. 617 S.W.2d at 677. The property code clearly states that no substantive changes were intended by the codification of art. 1291b. Since the conveyances in the sixth paragraph in Mr. Hogan's will is not for charitable purposes, the provision would be void and incapable of being reformed pursuant to TEX.PROP.CODE ANN. § 5.043.

However, it is interesting to note that after reviewing both TEX.PROP.CODE ANN. § 5.043 and its predecessor TEX. CIV.STAT. art. 1291b, we find that once again during the codification process within the legislature, the language of predecessor statute was altered in the codified statute. The effect of the Legislature's actions could be construed as changing substantive law. This continued practice by the legislature is in conflict with the theory that the codification is not intended to change substantive law. *See Bryant v. Metropolitan Transit Authority,* 722 S.W. 2d 738, 740 (Tex.App.—Houston [14th Dist.] 1986, no writ).

Due to the trial court's use of summary judgment in the instant case, this court is left with the task of deciding what to do with the remaining provisions of Mr. Hogan's will that did not violate the rule against perpetuities. Even though summary judgments are an available avenue for use in county courts, the result in the instant case indicates the need for them to be used sparingly in probate matters. In *Foshee,* the Texas Supreme Court voided the provisions that violated the rule against perpetuities and remanded to the trial court to determine the intent of the testatrix as to the remainder of the estate. 617 S.W.2d at 679. From reading the provisions of his will that do not violate the rule against perpetuities, we find that Mr. Hogan's intent to convey his estate is unambiguous. Specifically, the following provisions do not violate the rule against perpetuities and provide this court with Mr. Hogan's intent in conveying his estate:

First: I wish to establish a Trust whereby GERTRUDE BUCHANAN will continue to occupy my residence so long as she may live, That the house and furnishing will be well maintained, taxes paid, insurance paid and in addition she will be paid $800.00 per month (or its equivalent in purchasing power) as long as she may live. At her death the house to be sold and proceeds added to the Trust.

Second: That my mother, BERTHA PETTY HOGAN HONEA, be provided with every comfort, and need, so long as she may live and at her death provide such monies as are needed (if her fund[s] are exhausted) for the funeral. It being understood she will exhaust her bank account before drawing on the Trust fund.

Third: My sister, REBECCA HOGAN CHANDLER, shall be provided with a monthly income based on $200.00 per month or its equivalent so long as she may live and/or have a need for such income.

Fourth: If and when there should be a serious need for financial assistance to my sister EMMA JOYCE HOGAN BALL, not forthcoming from others, then she is to receive a like amount so long as there is a need and/or for life.

Fifth: In connection with, HOGAN EQUIPMENT, INC. It is my desire that it shall be continued to operate as a sound and efficient business, so long as it can be carried on at a proper level of net profit—thus assuring my associates of a continuity of profitable employment; annually a prudent quantity of the net profits to be deposited with the Trust described herein.

■ We find that these provisions should not be voided, and thus, modify the trial court's judgment to delete any mention that the entire will is void. Only the sixth paragraph is invalid, since it violates the rule against perpetuities and is in conflict with TEX. CONST. art. I, § 26. The remaining provisions will be distributed by the administration as set out in the provisions of the will.

Appellees Gertrude Buchanan Hogan; Emma Joyce Hogan Ball; Hubert E. Chandler, Independent Executor of the Estate of Rebecca Hogan Chandler, deceased; Janet Hogan Larkey; and Peggy Hogan Powell

have asked this Court to impose sanctions on Kenneth McLaughlin, Jr., the appointed attorney ad litem representing the appellant pursuant to TEX.R.CIV.P. 13 and TEX.R. CIV.P. 84. In addition, these appellees seek an award of attorneys fees, their costs incurring in this appeal pursuant to TEX.R. CIV.P. 215–2b. Their requests are denied.

Appellant's points of error one through four are overruled and the judgment of the trial court is affirmed as modified.