

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00081-CV

NATHAN CARUSO AND JENNIFER DONNER, Appellants

V.

NATHANIEL YOUNG, Appellee

On Appeal from the 200th District Court
Travis County, Texas
Trial Court No. D-1-GN-15-000993

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

O P I N I O N

Nathan Caruso and Jennifer Donner appeal the trial court's entry of summary judgment declaring void an option to purchase property within a lease agreement because it violated the rule against perpetuities. We affirm.

## I. Factual Background

Nathaniel Young owned property "known locally as 3901 Bandice Lane" in Pflugerville, Texas (the Property).[1] In 2009, Young, as Lessor, signed a "Lease With Option to Purchase" the Property drafted by Caruso and Donner (the Lease). The Lease stated:

> 3. Term of Lease. The term of this lease shall consist of one-year leases commencing on April 19, 2009 [sic] and ending on April 18, 2010. Each lease term is automatically renewable unless Lessee gives written notice to Lessor to terminate or if Lessee is more than thirty (30) days in arrears on rent payments (the lease would not be renewable and Lessee would be required to vacate[)]. Such written notice must be given at least thirty (30) days before the expiration of any of the one year terms.

> This provision shall be binding upon and inure to the benefit of the heirs, legal representatives, successors and assigns of the parties thereto, and this covenant shall be construed, as a covenant running with the land and with the leasehold.

> . . . .

> 19. Option to Purchase. The Lessor hereby grants to the Lessee the option to purchase the leased property at any time during the term of this lease for the consideration and upon the terms and conditions hereinafter set forth. As long as Lessee is not in arrears by more than one month, and is not in violation of performance of the terms of this lease, Lessee shall have the option to purchase the real property described herein.

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Third Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

. . . .

The price to be paid by the Lessee to the Lessor for the leased property if the option is exercised shall be the balance of loan currently encumbering the premises.

. . . .

This option shall be a covenant running with the land described above, and no conveyance, transfer, easement, or encumbrance of such land shall defeat or adversely affect this option.

The Lessee shall have the right to assign this option subject to the Lessor's reasonable review and approval only to an assignee of this entire lease as provided hereinabove and such option shall inure to the benefit of the respective heirs, legal representatives, successors and assigns of the Lessee.

Alleging that they had attempted to exercise their option to purchase the Property, Caruso and Donner sued Young for breach of the Lease resulting from his alleged "refus[al] to provide the information necessary for them to [exercise the option]," including the balance of the loan encumbering the Property. Based on their argument that they had a valid option, Caruso and Donner also alleged that Young's failure to tender (1) a survey or plat of the Property, (2) a tax certificate, (3) a written statement specifying the purchase price of the Property or the interest rate charged, and (4) an annual statement constituted violations of the Texas Property Code and Texas Deceptive Trade Practices Act. In reply, Young filed several counterclaims arising from Caruso and Donner's alleged breach of the Lease and affirmative defenses.

Young filed traditional and no-evidence motions for summary judgment, which argued that Caruso and Donner's breach of contract claim failed because the option violated the rule against perpetuities and other affirmative defenses and that conclusive evidence proved that Caruso and Donner breached the lease. The trial court granted Young's traditional motion for summary

3

judgment "based on the Rule Against Perpetuities," but denied Young's traditional motion based on all other grounds, as well as his no-evidence motion for summary judgment. As a result of its ruling, the trial court dismissed Caruso and Donner's breach of contract claim with prejudice.

To finalize the judgment for appeal, the parties filed a Rule 11 agreement nonsuiting Young's counterclaims. The parties' agreement also stated that "the effect of the Court's Summary Judgment Order is that summary judgment has been rendered in Young's favor on all of Plaintiffs' claims." Thus, after Young filed a notice of nonsuit, the trial court entered a final, take-nothing judgment on all of Caruso and Donner's claims. Caruso and Donner appeal.

## II.     The Trial Court's Summary Judgment Was Proper

### A.     Standard of Review

"We review the trial court's summary judgment de novo." *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 865 (Tex. 2018) (citing *Provident Life & Accidental Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* (citing *Knott*, 128 S.W.3d at 215; *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)). "Under Texas Rule of Civil Procedure 166a(c), the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id.* (citing Tex. R. Civ. P. 166a(c)).

### B.     The Rule Against Perpetuities

The Texas Constitution prohibits perpetuities because they "are contrary to the genius of free government." *Id.* at 866 (quoting Tex. Const. art. I, § 26). Thus, "no interest is valid unless

4

it must vest, if at all, within twenty-one years after the death of some life or lives in being at the time of the conveyance." *Id.* at 867 (quoting *BP Am. Prod. Co. v. Laddex, Ltd.*, 513 S.W.3d 476, 479 (Tex. 2017)). The rule against perpetuities (the Rule) "requires that a challenged conveyance be viewed as of the date the instrument is executed, and [prohibits] the interest [as] void if by any possible contingency the grant or devise could violate the Rule." *Id.* "[T]he purpose of the Rule [is to prevent] landowners from using remote contingencies to preclude alienability of land for generations." *Id.* at 869.

Young argues that the Lease's option, which is an executory interest subject to the Rule, violated the Rule because the Lease created a covenant running with the land to be honored by both parties' heirs and, for that reason, could be exercised by Caruso's and Donner's yet unborn heirs after all lives in being had ended plus twenty-one years. *See* TEX. PROP. CODE ANN. § 5.062(a)(2) (West Supp. 2018) (option to purchase combined with a residential lease agreement is an executory contract for conveyance of real property); *Koopmann*, 547 S.W.3d at 867; *Peveto v. Starkey*, 645 S.W.2d 770, 772 (Tex. 1982) (executory interests are subject to the Rule). Young argues that Caruso and Donner's interest was void at the outset because it could potentially vest outside the time period specified by the Rule.

"The word 'vest' in regards to the Rule refers to an immediate, fixed right of present or future enjoyment of the interest." *Koopmann*, 547 S.W.3d at 867 (citing *Vest*, BLACK'S LAW DICTIONARY (10th ed. 2014)). "The Rule does not apply to present or future interests that vest at their creation." *Id.* (citing *Laddex*, 513 S.W.3d at 480). "An executory interest is a future interest, held by a third person, that either cuts off another's interest or begins after the natural termination

5

of a preceding estate." *Id.* (citing *Executory Interest*, BLACK'S LAW DICTIONARY (10th ed. 2014)). "A springing executory interest is one that operates to end an interest left in the transferor." *Id.* (citing *Springing Executory Interest*, BLACK'S LAW DICTIONARY (10th ed. 2014)). "This interest does not vest at the execution of the deed, rather 'executory interests vest an estate in the holder of the interest upon the happening of a condition or event'" that "terminate[s] the grantor's present possessory interest." *Id.* at 867, 868 (quoting 3 RICHARD R. POWELL, POWELL ON REAL PROPERTY § 20.05[2] (Michael Allan Wolf ed.)). "'Until such happening, they are non-vested future interests' and are subject to the Rule." *Id.* at 867 (quoting POWELL ON REAL PROPERTY § 20.05[2]).

## C. The Lease's Option Violated the Rule

As drafted, both the Lease and its option to purchase the Property ran with the land and were binding on and benefitted both parties' heirs, successors, and assigns. The option could be exercised at any time during the term of the Lease, and the Lease's term was automatically renewed unless Caruso and Donner gave written notice to Young of their intent to terminate it. This essentially created a perpetual lease and option to purchase (and encumbrance on Young's fee simple interest) for as long as Caruso and Donner, or their heirs, successors, and assigns wished to remain on the Property.

Caruso and Donner argue that, "[w]hen the wording of the option does not compel a construction that the parties intended that the time element should be unlimited, the court will not construe an option contract or a will provision granting an option to run for an indefinite time and thus destroy the validity of the option provision." *Mattern v. Herzog*, 367 S.W.2d 312, 319 (Tex. 1963); *see King v. Brevard*, 378 S.W.2d 681, 686 (Tex. Civ. App.—Austin 1964, writ ref'd n.r.e.).

6

In this circumstance, "[i]t has been stated that the courts will go so far as to imply a reasonable time when no time limit is expressly stated." *Mattern*, 367 S.W.2d at 319. Citing *Mattern*, Caruso and Donner contend that the parties did not intend for the Lease's option to be exercised beyond the time period in the Rule.[2]

*Mattern* and its progeny are easily distinguishable. In *Mattern*, the Texas Supreme Court found that a will devising property to the decedent's children that also created an option for one of their children, Chris Mattern, to purchase the property for a sum certain did not violate the Rule. *Id*. at 314. The language of the will did not state that the option could be exercised by Chris' heirs. *See id*. at 318. Although there was no limit on the time in which Chris could exercise the option, the Texas Supreme Court stated that the law implied that the option should be exercised within a "reasonable period of time bearing some relationship with the time required to administer and finally settle [the decedent's] estate," and certainly within Chris' lifetime. *Id.* at 315–16, 318.

Here, while there was no limit on the time in which Caruso, Donner, or their heirs or successors could exercise the option, the lack of a time limit was created by design. This fact aligns this case to *Garza v. Sun Oil Co.*, 727 S.W.2d 115 (Tex. App.—San Antonio 1986, no writ). There, the lease term was thirty years and granted the lessees the following option to purchase:

---

[2]Caruso and Donner's brief states,

> The "Lease" states "This provision shall be binding upon and inure to the benefit of the heirs, legal representatives, successors and assigns of the parties thereto." The language is limited to "the parties thereto" not to the party who may be a successor in interest, in other words the language cuts off multiple subsequent successors and is therefore limited to one generation.

This reasoning is misplaced since the Lease does not limit the option to Caruso's and Donner's currently-born heirs, successors, or assigns.

7

> At the expiration of thirty (30) years . . . , or *at any time thereafter*, if LESSEES, their heirs or assigns, during the entire term of this lease have punctually and fully complied with all of their obligations under this lease, then and in that event LESSORS hereby give LESSEES, *their heirs and assigns*, the option to purchase the above described land . . . for a consideration of One ($1.00) Dollar . . . .

*Id.* at 117 (alterations in original). Distinguishing *Mattern* because the option in *Mattern* did not have a time limit for its exercise, *Garza* noted that the option before it expressly stated it could be exercised at the expiration of the lease term or at any time thereafter. *Id.* *Garza* reasoned that, since

> the grantees of the option potentially included both unborn children and grandchildren of the lessees ("heirs") and unborn future transferees of the option ("assigns"), it was possible that these heirs or assigns could be born after the grant of the option, outlive all lessees then alive by over 21 years, and be eligible to exercise the option at any time after the expiration of the surface lease.

*Id.* For this reason, the lease provision in *Garza* violated the Rule.

The reasoning in *Garza* applies equally here. It is true that, "[w]hen an instrument is equally open to two constructions, the construction that renders it valid rather than void will be accepted, assuming that the grantor intended to create a legal instrument." *Koopmann*, 547 S.W.3d at 867 (citing *Laddex*, 513 S.W.3d at 480). Yet, when an option "is unambiguous . . . the intent of the parties must be determined from the four corners of the instrument." *Peveto*, 645 S.W.2d at 772. As a result, where, as here, "the option by its express terms is not personal . . . but binds or inures to the benefit of the heirs, successors and assigns of both parties[,] . . . [s]uch language unambiguously indicates the optionor intended the option to be enforceable by individuals other than [the named optionee]." *Maupin v. Dunn*, 678 S.W.2d 180, 182 (Tex. App.—Waco 1984, no writ). Because the option does not "expir[e] with the lifetime of the optionee[,] . . . the interest

8

which would arise upon exercise of the option would not necessarily vest within the time limits contemplated by the [R]ule." *Id.* (citing *Mattern*, 367 S.W.3d 312); *see Burch v. B. N. Nabors Excavating & Demolition, Inc.*, 447 S.W.2d 240, 242, 243–44 (Tex. Civ. App.—Fort Worth 1969, writ ref'd n.r.e.) (concluding that an option violated the rule against perpetuities where it contained no time limit and specifically stated that it "r[a]n with the land and . . . enure[d] to the benefit of and [was to] be binding upon the parties . . . , their heirs and assigns").[3]

Because the option contained within the Lease violated the Rule, it was void at its inception. Finding that the trial court properly granted summary judgment in Young's favor, we overrule Caruso and Donner's sole argument on appeal.[4]

### III. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted: April 29, 2019
Date Decided: May 10, 2019

---

[3]The purchase price for the option was the unpaid balance on the mortgage. As Young notes, we are to determine whether there is "any possible contingency" that the grant could violate the Rule. *Laddex*, 513 S.W.3d at 479. It is possible that the mortgage could be continuously refinanced and never paid off. Also, the Lease does not provide for the automatic transfer of the Property when the mortgage is paid off since compliance with the written notice provisions would still be required.

[4]Caruso and Donner urge this Court to modify the interest in accordance with Section 5.043 of the Texas Property Code. However, that Section applies only to "an inter vivos instrument or a will" in a circumstance where there was an actual attempt to convey the property. TEX. PROP. CODE ANN. § 5.043(d) (West 2014); *see Ball v. Knox*, 768 S.W.2d 829, 831 (Tex. App.—Houston [14th Dist.] 1989, no writ).